IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXOSMITHKLINE BIOLOGICALS SA and GLAXOSMITHKLINE LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 24-1135 (GBW) ) ) |
| MODERNA, INC., MODERNATX, INC., and MODERNA US, INC., | ) ) ) ) |
| Defendants. | ) |

[PROPOSED] SCHEDULING ORDER

This 3d day of April, 2025, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) by March 31, 2025, or five (5) days after the date the Court enters this Order, whichever is later.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before June 18, 2026. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 4(g)-(h) and 5.

3. <u>Disclosures</u>. Absent agreement among the parties, and approval of the Court:

a) By April 2, 2025, GlaxoSmithKline Biologicals SA and GlaxoSmithKline LLC (collectively, "Plaintiffs") shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiffs shall also produce the file history for each asserted patent.

b) By April 30, 2025, Moderna, Inc., ModernaTx, Inc., Moderna US, Inc. (collectively, "Defendants") shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications, including at least the complete Biologics License Application (BLA), except for Module 5 (Clinical Study Reports), for each accused product. Defendants will produce BLA Module 5 for each accused product within a reasonable time, after an opportunity to redact any patient personally identifiable information (PII) contained therein. Defendants shall also produce sales figures for each accused product.

c) By June 28, 2025, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

d) By August 25, 2025, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related allegedly invalidating references.

4. <u>Discovery</u>. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed. The parties agree not to serve any discovery requests until five (5) days after the date the Court enters this Order.

a) <u>Fact Discovery Cut Off</u>. All fact discovery in these cases shall be initiated so that it will be completed on or before July 29, 2026.

b) <u>Document Production</u>. Document production shall be substantially complete by May 14, 2026.

c) <u>Requests for Admission</u>. Defendants, collectively, are permitted a maximum of 75 requests for admission. Plaintiffs are permitted a maximum of 75 requests for admission. Any requests for admission directed to authentication of documents are excluded from this limitation and may be served up to 60 days prior to trial.

d) <u>Interrogatories</u>.

    i. Defendants, collectively, are permitted a maximum of 25 interrogatories. Plaintiffs are permitted a maximum of 25 interrogatories. The interrogatories described above include any contention interrogatories served by a party.

    ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive). Contention interrogatories do not change the scheduled deadlines to serve infringement and/or invalidity contentions.

e) <u>Fact Depositions</u>.

    i. <u>Limitation on Hours for Deposition Discovery</u>. Defendants, collectively, may take no more than 85 hours of fact depositions. Plaintiffs may take no more than 85 hours of fact depositions. Any fact deposition lasting less than 3 hours will count as 3 hours against the total time of the side taking the deposition. The foregoing rule will not apply to Rule

30(b)(6) depositions of a witness designated on 5 or fewer topics and for whom a Rule 30(b)(1) deposition notice has not been served.

        ii.     Depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) and third-party fact depositions will count toward these limitations. Expert depositions will not count toward these limitations. The parties agree that any deposition wherein a translator is utilized for witness examination shall be limited to 14 hours in total, but that only one half of the amount of time used shall count against the taking parties' time.

        iii.     The parties shall confer to avoid duplicative deposition examination between this action and the pending action CA. No. 24-1136 (GBW). For example, witnesses being deposed in both this action and the pending action CA. No. 24-1136 (GBW) will be deposed in a single deposition on a single day or consecutive days and not lasting more than 10 total hours on the record, and no more than 7 hours on the record per day, absent agreement of the parties. The parties agree that if a witness is deposed in this action and the pending action CA. No. 24-1136 (GBW) the time for the deposition will split between the two the cases, with half the time count toward the 85 hours in this action and half the time counting toward the 85 hours in the pending action CA. No. 24-1136 (GBW). Further, the parties shall also confer with the Defendants in *GlaxoSmithKline Biologicals SA, et al. v. Pfizer Inc., et al.*, CA. No. 24-512 (GBW), and, to the extent possible, schedule depositions for witnesses being deposed in both this action and CA No. 24-512 (GBW) in a single day or on consecutive days.

        iv.     These provisions may be amended by agreement of the parties or upon order of the Court upon good cause shown.

        v.     <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be

required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties agree to cooperate to schedule depositions as appropriate on a witness-by-witness basis in the interest of the convenience and efficiency for the witness and the parties, including permitting witnesses where possible to be deposed where they are located.

      vi.      <u>International Deponents</u>. If the parties agree to hold any deposition of a witness who is under the control of a party, represented by a party's counsel, or named as an inventor on one or more of the patents-in-suit at a location outside of the United States, the parties shall meet and confer to identify an acceptable approach, such as producing the witness for deposition in accordance with the Federal Rules of Civil Procedure and in a location convenient to the deponent where such a deposition is permitted under controlling law (*e.g.*, England, Belgium, or a convenient consulate location).

      f)      <u>Disclosure of Expert Testimony</u>.

      i.      <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony (opening expert reports) is due on or before September 30, 2026. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party (rebuttal expert reports) is due on or before November 12, 2026. Reply expert reports from the party with the initial burden of proof are due on or before December 10, 2026. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the

submission of the reply report from each expert, the parties shall advise of the dates and times of that expert's availability for deposition.

     ii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

     iii. <u>Expert Discovery Cut-Off</u>. All expert discovery in this case shall be initiated so that it will be completed on or before January 29, 2027.

  g) <u>Application to Court for Protective Order</u>. Counsel shall confer and attempt to reach an agreement on a proposed form for a protective order specifying terms and conditions for the disclosure of confidential information and submit it to the Court within fourteen (14) days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(h) below.

> Any proposed protective order must include the following paragraph:
>
> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

  h) <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

6

        i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.    Should counsel find, after good faith efforts — including verbal communications among Delaware and Lead Counsel for all parties to the dispute — that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Williams:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

        iii.    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

          iv.      Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

          v.      Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

5.    <u>Motions to Amend</u>.

    a)    Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b)    Within seven (7) days after the filing of a motion to amend in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c)    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

6.    <u>Motions to Strike</u>.

    a)    Any motion to strike any pleading or other document shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

    b)    Within seven (7) days after the filing of a motion to strike in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c) Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

  7. <u>Technology Tutorials</u>. Unless otherwise ordered by the Court, the parties jointly shall provide the Court, no later than the date on which the Joint Claim Construction Chart is due, a tutorial on the technology at issue. In that regard, the parties shall jointly submit to the Court an electronic tutorial of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and educate the Court about the same and should not be used for argument. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial ("mpeg", "quicktime", etc.). The parties may choose to file their tutorial under seal, subject to any protective order in effect.

  8. <u>Claim Construction Issue Identification</u>. On or before September 25, 2025, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. No later than September 4, 2025, the parties shall meet and confer to discuss a reasonable number of total proposed terms for construction. On or before October 9, 2025, the parties shall exchange their proposed construction for any term(s)/phrase(s) identified by either side as needing construction. These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than October 23, 2025. The parties agree they will not submit more than twenty (20) disputed terms to the Court in the Joint Claim Construction Chart. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to gbw_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim

language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing</u>. The parties shall meet and confer no later than November 4, 2025, to limit the number of terms for claim construction briefing to no more than 10 terms. Plaintiffs shall serve, but not file, its opening brief, not to exceed 5,000 words, on December 18, 2025. Defendant shall serve, but not file, its answering brief not to exceed 7,500 words, on January 29, 2026. Plaintiffs shall serve, but not file, its reply brief, not to exceed 5,000 words, on February 12, 2026. Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on February 26, 2026. No later than March 5, 2026, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.  Agreed-Upon Constructions

II. Disputed Constructions

   [TERM 1]

   1. Plaintiffs Opening Position

   2. Defendants Answering Position

   3. Plaintiffs Reply Position

   4. Defendant's Sur-Reply Position

   [TERM 2]

   1. Plaintiffs Opening Position

   2. Defendants Answering Position

       3.      Plaintiffs Reply Position

       4.      Defendants Sur-Reply Position

The parties need not provide any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

      10.    <u>Hearing on Claim Construction</u>. On April 23, 2026, beginning at 1pm ET, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

      11.    <u>Interim Status Report</u>. On May 28, 2026, counsel shall submit a joint letter to the Court with an interim report of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

      12.    <u>Settlement Conference</u>. Within 30 days from the date the Court issues a claim construction order, the parties agree to participate in a settlement conference before a magistrate judge assigned by the Court.

      13.    <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court,

   a)  no later than 30 days after the Court issues a claim construction order, Plaintiffs must finally supplement the identification of all accused products and serve final infringement contentions;

   b)  no later than 60 days after the Court issues a claim construction order, Defendants must serve final invalidity contentions; and

   c)  no later than June 14, 2027, the parties agree to meet and confer to narrow the asserted claims and invalidity theories prior to the start of trial.

  14.  <u>Case Dispositive Motions and *Daubert* Motions</u>.

   a)  All case dispositive motions and *Daubert* Motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before Moderna Proposal: February 17, 2027. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

   b)  <u>Concise Statement of Facts Requirement for Summary Judgment Motions</u>. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be fried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

 Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record.

Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

        c)      <u>Combined Summary Judgment and *Daubert* Page limits</u>. Each party is permitted to file as many case dispositive motions as desired provided, however, that each ***SIDE*** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each ***SIDE***.[1]

---

[1] The parties must work together to ensure that the Court receives no more than a total of 250 pages (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

      d) <u>Ranking of Summary Judgment Motions</u>. Any party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any lower ranked summary judgment motions filed by the party.

15.   <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16.   <u>Papers Filed Under Seal</u>. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

17.   <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of filings (i.e., briefs, appendices, exhibits, declarations, affidavits etc.). Courtesy copies of appendices and exhibits should include hard tabs. This provision also applies to papers filed under seal.

18.   <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each *SIDE* shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be

supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

<u>Pretrial Conference</u>. On July 13, 2027, beginning at 3pm ET, the Court will hold a pretrial conference in Court with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

19.   <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) business days before the final pretrial conference. This submission shall be accompanied by a

courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to gbw_civil@ded.uscourts.gov.

20.  Trial. This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on July 19, 2027, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

21.  Judgment on Verdict and Post-Trial Status Report. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

22.  Post-Trial Motions. Unless otherwise ordered by the Court, all **SIDES** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

23.  ADR Process. Per Standing Order No. 2022-2, the parties understand that this case will not be automatically referred to a magistrate judge for the purpose of exploring alternative dispute resolution. As noted in paragraph 12 above, the parties agree to participate in a settlement conference before a magistrate judge assigned by the Court.

_____
The Honorable Gregory B. Williams
United States District Judge

## TABLE OF RELEVANT DEADLINES

| EVENT | DEADLINE |
| --- | --- |
| Parties serve Rule 26(a)(1) initial disclosures | March 31, 2025, or 5 days after entry of this order, whichever is later |
| Serve discovery requests | 5 days after entry of this order |
| Parties jointly submit proposed Protective Order | 14 days after entry of this order |
| Plaintiffs identify accused products and damages model, and produce asserted patents and file histories | April 2, 2025 |
| Defendants produce core technical documents and sales figures for accused products | April 30, 2025 |
| Plaintiffs disclose initial infringement contentions | June 28, 2025 |
| Defendants disclose initial invalidity contentions and prior art | August 25, 2025 |
| Parties meet and confer regarding reasonable number of claim terms to be construed | by September 4, 2025 |
| Parties exchange lists of terms to be construed | September 25, 2025 |
| Parties exchange proposed claim constructions | October 9, 2025 |
| Parties submit Joint Claim Construction Chart and Technology Tutorial | October 23, 2025 |
| Parties identify no more than 10 terms for claim construction briefing | by November 4, 2025 |
| Plaintiffs serve Opening Claim Construction Brief | December 18, 2025 |
| Defendants serve Answering Claim Construction Brief | January 29, 2026 |
| Plaintiffs serve Reply Claim Construction Brief | February 12, 2026 |
| Defendants serve Sur-Reply Claim Construction Brief | February 26, 2026 |
| Parties submit Joint Claim Construction Brief and Appendix | March 5, 2026 |
| Claim Construction Hearing | April 23, 2026 |
| Substantial completion of document production | by May 14, 2026 |
| Parties submit Interim Status Report | May 28, 2026 |
| Joinder and amendment of pleadings | by June 18, 2026 |
| Parties to participate in a settlement conference before a magistrate judge. | Within 30 days after the Court issues a claim construction order. |
| Plaintiffs disclose final identification of accused products and infringement contentions | 30 days after the Court issues a claim construction order |
| Defendants disclose final invalidity contentions | 60 days after the Court issues a claim construction order |
| Close of Fact Discovery | July 29, 2026 |

| EVENT | DEADLINE |
|---|---|
| Parties serve opening expert reports | September 30, 2026 |
| Parties serve rebuttal expert reports | November 12, 2026 |
| Parties serve reply expert reports | December 10, 2026 |
| Close of Expert Discovery | January 29, 2027 |
| Parties file Opening Summary Judgment and *Daubert* Motions | February 17, 2027 |
| Parties meet and confer to narrow claims and invalidity theories prior to trial | June 14, 2027 |
| Pretrial Conference | July 13, 2027 |
| Trial | July 19, 2027 |