**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GLAXOSMITHKLINE BIOLOGICALS SA and GLAXOSMITHKLINE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MODERNA, INC., MODERNATX, INC., and MODERNA US, INC.,<br><br>Defendants. | C.A. No. 24-1135-GBW<br><br>**FILED UNDER SEAL** |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS FROM
<u>MODERNA REGARDING DISCOVERY DISPUTE</u>**

Dated: August 5, 2025

OF COUNSEL:

William A. Rakoczy
Deanne M. Mazzochi
Eric R. Hunt
Heinz J. Salmen
Neil B. McLaughlin, Ph.D.
Katie A. Boda
Conly S. Wythers
Greg L. Goldblatt, Ph.D.
Adrianne C. Rose
Alejandro V. Hernandez
Sarah ML Wilkening, Ph.D.
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendants Moderna, Inc.,
ModernaTX, Inc., and Moderna US, Inc.*

Dear Judge Williams:

We write on behalf of Moderna[1] in accordance with Your Honor's August 1, 2025 Order (D.I. 74) for an outline of the dispute and Moderna's position concerning its requests for discovery from Dr. Katrin Ramsauer, a named inventor on five of the seven Asserted Patents.[2]  Despite Plaintiffs' counsel (Desmarais LLP) representing Dr. Ramsauer in this matter, they have declined to accept subpoena service or otherwise facilitate discovery (*see* Ex. 1).  Now, after more than a month of written and oral efforts to resolve this issue without Court intervention, Plaintiffs object to the use of a Letter Rogatory—the only viable mechanism left for Moderna to obtain this discovery from Dr. Ramsauer, prompting this dispute (*see* Exs. 1–2 (correspondence); *see also,* Exs. 3–4 (Letters Rogatory in English and German)).

As set forth herein, Plaintiffs objections are without merit.  Courts routinely grant such requests where, as here, the discovery is specific, relevant, and not otherwise available. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 544 n.28 (1987).  Here, Moderna seeks evidence from Dr. Ramsauer pursuant to document requests and deposition topics specifically tailored to the disputed issues in this case and designed to investigate, *inter alia*, her role in the conception and reduction to practice of the claimed inventions.  Such evidence is directly relevant to issues of inventorship, priority, enablement, and written description.

Moderna respectfully submits that **(1)** Dr. Ramsauer's evidence is relevant and proportional to the needs of the case; **(2)** the requested discovery cannot be obtained through other means (*e.g.*, via other inventors, who may provide alternative or inconsistent evidence); **(3)** Moderna's request is consistent with international comity principles; and **(4)** the timing of Moderna's request is appropriate (if not necessary) given the extended lead times for international discovery and the July 2026 close of fact discovery.

Accordingly, the Court should grant Moderna's motion for the Court to issue a Letter Rogatory pursuant to 28 U.S.C. § 1781(b)(2).

I.     **MODERNA'S DISCOVERY REQUESTS ARE TAILORED TO ELICIT SPECIFIC, RELEVANT INFORMATION CONCERNING DR. RAMSAUER'S CONTRIBUTIONS.**

As a named inventor, Dr. Ramsauer is uniquely positioned to testify regarding key issues relating to, at least, conception and reduction to practice, as well as documents and communications relevant to inventorship, priority, and purported validity including the written description and enablement of the claims to the Asserted Patents.[3]  In short, her documents and deposition testimony are competent and relevant evidence that are proportional to the needs of this case.  *See, e.g.*, *Voice Technologies Group, Inc. v. VMC Systems, Inc*., 164 F.3d 605, 615 (Fed. Cir. 1999)

---

[1] Herein, "Moderna" refers to Defendants Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc., (collectively, "Moderna").

[2] The "Asserted Patents" are U.S. Patent Nos. 11,291,682; 11,324,770; 11,596,645; 11,666,534; 11,690,862; 11,707,482; and 11,786,467.

[3] Plaintiffs have identified Dr. Ramsauer in their Rule 26 initial disclosures as well as in their responses to Moderna's interrogatories regarding conception and reduction to practice of the purported inventions. *See* Ex. 2 at 1.

1

(stating "[a]n inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims.").

Plaintiffs argue, without specificity, that Moderna's discovery requests are too numerous and burdensome and, for that generalized reason, do not comport with principles of international comity. However, such threadbare complaints do not meet Plaintiffs burden in opposing Modern's request. Instead, as the "party opposing issuance of a letter rogatory," Plaintiffs "must show '**good reason**' why such letter should not issue." *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co*., 218 F.R.D. 24, 26–27 (D.Conn. 2003) (emphasis added). Here, no such reason exists and Moderna's requests are not overly broad or numerous. Instead, the breadth and number of Moderna's requests are perfectly commensurate in scope with Plaintiffs' litigation strategy. For example, Plaintiffs assert (and Moderna disputes) that the Asserted Patents disclose (i) the use of *all* RNAs, including non-amplifying mRNA (despite the complete absence of "mRNA" in any Asserted Patent specification), and (ii) *all* lipid delivery systems, including lipid nanoparticles (despite the specifications being limited to liposomal delivery systems). Moderna anticipates Dr. Ramsauer's documents and testimony will refute Plaintiffs' assertions, and therefore, Moderna seeks discovery regarding the full scope of what **Plaintiffs allege** is described in the specifications.

Moreover, Courts routinely authorize letters rogatory where the discovery sought meets well-established criteria, including: **(1)** the importance of the requested discovery to the issues of the case, **(2)** the specificity of the request, **(3)** whether the information originated in the United States, **(4)** the availability of the information through alternative means, and **(5)** the extent to which denying the request would impair significant interests of either the United States or the foreign sovereign. *Societe Nationale*, 482 U.S. at 544–46, n.28. Here:

> **(1)** The discovery sought by Moderna is not cumulative and is crucial for Moderna to fully understand the conception, reduction to practice and priority of the alleged inventions. For example, Dr. Ramsauer was never employed by GSK, but while a Novartis employee, she engaged in RNA vaccine development and manufacturing, elements of which are purportedly claimed in all seven Asserted Patents, yet she is only an inventor on five;
>
> **(2)** Moderna's requests are commensurate in scope with Plaintiffs' broad view of the Asserted Patents' disclosures (which Moderna disputes) (*see* Ex. 3, Attachments A and B);
>
> **(3)** Upon information and belief, Dr. Ramsauer's contributions to the Asserted Patents occurred in the U.S. while she was employed at Novartis (*see* Ex. 5 at 2–3, assignment executed by Dr. Ramsauer with a covenant to, "upon the request…of ASSIGNEE…make all rightful oaths and declarations and do all lawful acts…for aiding therein"[4]);
>
> **(4)** Dr. Ramsauer's knowledge and recollection of the facts relating to the conception and reduction to practice are unique to her and Moderna is entitled to probe whether her evidence is (or is not) consistent with that of the other named inventors; and
>
> **(5)** denying access to such discovery would affect U.S. interests in fair adjudication and public health implications, such as impacting vaccine availability and pricing (*e.g.*,

---

[4] Plaintiffs have not indicated whether they requested Dr. Ramsauer's cooperation in this matter.

2

permitting Plaintiffs, who have yet to commercialize a mRNA vaccine for COVID-19, to control discovery related to the research and development of the Asserted Patents allegedly claiming Moderna's pandemic-ending vaccine).

## II. MODERNA CANNOT OBTAIN THE REQUESTED DISCOVERY FROM ANY OTHER SOURCE.

Plaintiffs may also argue that the evidence sought is cumulative of anticipated discovery from the other named inventors. This position falls short and is highly speculative. *First,* there is no requirement on Moderna to exhaust all domestic discovery first. *See, e.g., Parsons Xtreme Golf LLC v. Taylor Made Golf Co. Inc.*, No. CV-17-03125-PHX-JJT, 2018 WL 3954414, at *2 (D. Ariz. Aug. 17, 2018) (rejecting that all other possible means of obtaining the desired discovery must be exhausted prior to seeking a letter rogatory from the Court). Moreover, such a requirement contradicts Rule 28, which permits a deposition by letter rogatory "without a showing that taking the deposition in another manner is impractical or inconvenient." *See* FED. R. CIV. P. 28(2)(B).

*Second,* Moderna has made multiple good faith efforts to obtain the requested discovery. For example, Moderna served discovery requests on April 11, 2025, but, in response, received only (i) publicly available patent documents and (ii) boilerplate objections and generalized statements to "produce . . . relevant, responsive, non-privileged documents that are in the possession, custody, or control of GSK." *See* Ex. 6. Plaintiffs have yet to provide fulsome responses.

*Third*, Plaintiffs' assertion that any documents or testimony received from Dr. Ramsauer would be cumulative is highly speculative, if not already contradicted by Plaintiffs' actions thus far. Moderna has asserted legitimate contentions regarding the inventorship, conception, reduction to practice, written description, and enablement of the Asserted Patents. Moderna's reason for seeking discovery from Dr. Ramsauer directly is to determine whether her evidence on these issues fits with that of the other named inventors. Yet, Plaintiffs want to control that narrative by offering *some* of the inventors' evidence and not others, as demonstrated by Plaintiffs' counsel's objections to Moderna's subpoenas of the two US-based inventors. *See* Ex. 7.

## III. FURTHER DELAY PREJUDICES MODERNA.

It has been two (2) months since Moderna asked Plaintiffs' counsel to accept subpoena service for Dr. Ramsauer in light of their representation of her in this matter. *See* Ex. 1 (N. McLaughlin 6/9 Email to Desmarais). Any further delay will significantly risk Moderna's ability to obtain *any* discovery from Dr. Ramsauer. It is well known that execution of letters rogatory can often take many months or even over a year to complete. Here, fact discovery is scheduled to close July 29, 2026 (D.I. 35), making the current timing of Moderna's request appropriate, if not necessary. Moderna has made every effort to avoid burdening the Court with a dispute, however, given the import of the requested discovery, and the long lead time required for international service and execution, Moderna cannot wait any longer. Moderna thus respectfully requests the Court grant the Motion for Letters Rogatory.

## IV. ALTERNATIVE RELIEF

Given Plaintiffs' counsel's representation of Dr. Ramsauer, in the alternative, Moderna respectfully requests that the Court order Plaintiffs' counsel to accept service of the subpoena.

3

          Respectfully submitted,

          /s/ Michael J. Farnan

          Michael J. Farnan

cc: Counsel of Record (via e-mail)