IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXOSMITHKLINE BIOLOGICALS SA and GLAXOSMITHKLINE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MODERNA, INC., MODERNATX, INC., and MODERNA US, INC.,<br><br>Defendants. | Civil Action No. 24-1135-GBW |
| GLAXOSMITHKLINE BIOLOGICALS SA and GLAXOSMITHKLINE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MODERNA, INC., MODERNATX, INC., and MODERNA US, INC.,<br><br>Defendants. | Civil Action No. 24-1136-GBW |

# MEMORANDUM ORDER

Pending before the Court are letters from the parties,[1] in Case Nos. 24-1135 and 24-1136, regarding Moderna's requests that the Court issue Letters Rogatory seeking judicial assistance in obtaining third-party discovery from Dr. Katrin Ramsauer, inventor of several of the asserted patents in this action, a resident or citizen of Austria. No. 24-1135, D.I. 76; No. 24-1135, D.I. 77;

---

[1] The parties include (1) Plaintiffs GlaxoSmithKline Biologicals SA and GlaxoSmithKline LLC ("Glaxo" or "Plaintiff") and (2) Defendants Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc. ("Moderna" or "Defendant").

No. 24-1136, D.I. 78; No. 24-1136, D.I. 79.[2] For the reasons discussed below, the Court denies Moderna's requests without prejudice. The Court writes for the benefit of the parties and, as such, only briefly references (in the Legal Standard and Discussion sections) those facts that are necessary for resolution of Moderna's requests.

I.  **LEGAL STANDARD**

"The Hague Evidence Convention serves as an alternative or 'permissive' route to the Federal Rules of Civil Procedure for the taking of evidence abroad from litigants and third parties alike." *Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 472 (D. Del. 2003) (citing *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for the Southern Dist. of Iowa*, 482 U.S. 522, 538 (1987)). "The Convention allows judicial authorities in one signatory country to obtain evidence located in another signatory country 'for use in judicial proceedings, commenced or contemplated.'" *Tulip*, 254 F. Supp. 2d at 472 (quoting Hague Evidence Convention, Art. 1, T.I.A.S. No. 7444, reprinted at 28 U.S.C. § 1781). The United States and Austria are both signatories to the Convention. *See* T.I.A.S. No. 6638 (Feb. 10, 1969).

"There are multiple methods of taking evidence pursuant to the Convention." *Ingenico Inc. v. Ioengine, LLC*, No. 18-826-WCB, 2021 WL 765757, at *1 (D. Del. Feb. 26, 2021) (citing *Tulip*, 254 F. Supp. 2d at 472). Here, Moderna requests the "letter rogatory" method, "in which a U.S. judicial authority sends a letter of request to the competent authority in the foreign state." *See id.*; *see also* Fed. R. Civ. P. 28(b); D.I. 76.

"A party seeking application of the Hague Evidence Convention bears the burden of persuading the trial court of the necessity of permitting discovery pursuant to the Hague

---

[2] Herein, the Court refers only to Case No. 24-1135; however, the Court's holdings apply equally in both actions.

Convention." *Ingenico Inc.*, 2021 WL 765757, at *1 (citing *Pronova BioPharma Norge AS v. Teva Pharm. USA, Inc.*, 708 F. Supp. 2d 450, 452 (D. Del. 2010)). "While that burden is not great,[] district courts have discretion to deny a request for letters rogatory if there is a 'good reason' for doing so." *Id.* (quoting *In re Complaint of Bankers Tr. Co.*, 752 F.2d 874, 890 (3d Cir. 1984)). "In entertaining a request of letter pursuant to the Hague Convention, the exact line between reasonableness and unreasonableness in each case must be drawn by the trial court, based on its knowledge of the case and of the claims and interests of the parties and the governments whose statutes and policies they invoke." *Id.* (cleaned up).

"The Supreme Court has cautioned that district courts 'should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position.'" *Id.* at *2 (quoting *Aerospatiale*, 482 U.S. at 546). "In *Aerospatiale*, the district court had jurisdiction over the party against which discovery was sought, and thus discovery under the Federal Rules was available." *See id.* (citation omitted). "However, courts have looked to the Supreme Court's cautionary language in *Aerospatiale* even when deciding requests for letters rogatory targeted at foreign parties over which there is no federal jurisdiction." *Id.* (citing *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 772, 792 (S.D.N.Y. 2012); *Seoul Semiconductor Co. v. Nichia Corp.*, 590 F. Supp. 2d 832, 834 (E.D. Tex. 2008); *Advanced Indus. Prods., S.C.S v. Alcoa Glob. Fasteners, Inc.*, No. CV 04-3049, 2006 WL 8433934, at *2 (C.D. Cal. Feb. 1, 2006)).

"More specifically, courts have adopted the Supreme Court's five-factor test for whether a foreign discovery request gives due respect to international comity: (1) the importance to the litigation of the documents or other information requested, (2) the degree of specificity of the request, (3) whether the information originated in the United States, (4) the availability of

alternative means of securing the information, and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Id.* (citing *Merck Sharp & Dohme Corp. v. Sandoz, Inc.*, No. CV 12-3289, 2013 WL 12203112, at *2-4 (D.N.J. June 7, 2013); *Lantheus*, 841 F. Supp. 2d at 792-95; *Seoul Semiconductor*, 590 F. Supp. 2d at 834-36; *Purdue Pharma*, 2008 WL 3926158, at *1-3 (not mentioning the five-factor test but denying defendants' application for issuance of a letter of judicial assistance for the reason that there were alternative means to obtain some of the requested information and that the remaining discovery requests were "insufficiently relevant to the present action")). "That five-factor test requires a particularized analysis of the facts of a case, the sovereign interests involved, and the likelihood that resorting to the Hague Convention will prove effective." *Id.* (citing *Aerospatiale*, 482 U.S. at 544).

## II.  DISCUSSION

Having considered the record in this action and the case law detailed above, the Court denies Moderna's requests without prejudice for three key reasons. *First*, Moderna fails to demonstrate the non-availability "of alternative means of securing the information" requested. *See See Ingenico Inc.*, 2021 WL 765757, at *2. As Glaxo observes, "many of Moderna's requests call for communications and agreements between Dr. Ramsauer and GSK that Moderna can seek (and has sought) from GSK without burdening Dr. Ramsauer or implicating comity concerns." *See* D.I. 77 at 2 (citations omitted).

*Second*, Moderna's discovery requests lack a sufficient "degree of specificity." *See Ingenico Inc.*, 2021 WL 765757, at *2. For example, "the very first document request calls for 'All documents, communications, and things concerning the Asserted Patents [and any related patents].'" *See* D.I. 77 at 2 (citations omitted). Given the implication of comity concerns here,

4

the Court, like Moderna, is unable to ascertain the propriety of seeking judicial assistance in connection with documents regarding "[a]ll . . . things concerning the Asserted Patents [and any related patents]." *See id.*

*Third*, Moderna fails to sufficiently identify the "importance" of all of the documents that it seeks from Dr. Ramsauer since at least some of the same documents can be obtained (and, in fact, may have already been obtained) domestically without reliance on the Court's issuance of Letters Rogatory. *See Ingenico Inc.*, 2021 WL 765757, at *2.

### III. CONCLUSION

For the foregoing reasons, the Court denies' Moderna's requests that the Court issue Letters Rogatory (No. 24-1135, D.I. 76; No. 24-1136, D.I. 78) without prejudice. The Court recognizes the importance of obtaining discovery from the inventors of a patent in an action, like the present action, involving allegations of patent infringement. However, the discovery that Moderna seeks from Dr. Ramsauer in Austria through the Court's issuance of Letters Rogatory does not satisfy the Supreme Court's five-factor test on whether such discovery affords due respect to international comity.

"If [Moderna] seeks to renew its motion, it should explain, with specificity, why the requested discovery is important to this litigation." *See Ingenico Inc.*, 2021 WL 765757, at *4. Moderna should also "narrow the scope of its . . . request[s] or, alternatively, show with specificity why [its] request[s] cannot reasonably be narrowed or why [its] request[s] [are] not as burdensome as [they] appear[] to be on [their] face." *See id.* Moderna should also more accurately address the availability or non-availability of the documents and information that it seeks, and any other potential shortcomings in its current requests, on the basis of the five-factor test from the Supreme Court discussed herein.

\* \* \*

WHEREFORE, at Wilmington this 15th day of August 2025, **IT IS HEREBY ORDERED** that Moderna's requests that the Court issue Letters Rogatory (No. 24-1135, D.I. 76; No. 24-1136, D.I. 78) are **DENIED** without prejudice.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE