**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GLAXOSMITHKLINE BIOLOGICALS SA, and GLAXOSMITHKLINE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MODERNA, INC., MODERNATX, INC., and MODERNA US, INC.,<br><br>Defendants. | C.A. Nos. 24-cv-1135 (GBW)<br>24-cv-1136 (GBW)[1]<br><br>**PUBLIC VERSION** |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Special Master are two motions to compel. First, Plaintiffs GlaxoSmithKline Biologicals SA and GlaxoSmithKline LLC (collectively, "Plaintiffs" or "GSK") move to compel Defendants Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc. (collectively, "Defendants" or "Moderna") to provide supplemental responses to GSK's Interrogatory Nos. 3, 5, 7, 11–13, and 15 in the 1135 case, and Nos. 3, 5, 7, and 11–13 in the 1136 case ("GSK's Motion"). D.I. 177 (1135 case); D.I. 162 (1136 case).

Second, Defendants move to compel GSK to provide supplemental responses to Moderna's Interrogatory Nos. 2, 3, and 7, and to timely respond to Interrogatory Nos. 11–15 in the 1135 case; and to provide supplemental responses to Moderna's Interrogatory Nos. 2, 4, and 8, and to timely respond to Interrogatory Nos. 12–16 in the 1136 case ("Moderna's Motion"). D.I. 156 (1135 case); D.I. 141 (1136 case).

On March 3, 2026, GSK submitted an opening letter brief in support of its motion ("GSK

---

[1] C.A. No. 24-cv-1135 (GBW) is referred to as the "1135 case," and C.A. No. 24-cv-1136 (GBW) is referred to as the "1136 case."

Op. Br.") and Moderna submitted an opening letter brief in support of its motion ("Moderna Op. Br."). On March 9, 2026, GSK submitted its answering letter brief in opposition to Moderna's Motion ("GSK Ans. Br.") and Moderna submitted its answering letter brief in opposition to GSK's Motion ("Moderna Ans. Br."). The Special Master held a hearing on both motions via videoconference on March 11, 2026.[2]

Having considered the parties' letter briefing and arguments presented at the hearing, IT IS HEREBY ORDERED that GSK's Motion is **GRANTED IN PART** and **DENIED IN PART**, and Moderna's Motion is **GRANTED IN PART** and **DENIED IN PART**, for the reasons set forth below.

I.      BACKGROUND

GSK asserts claims against Moderna for infringement of eleven patents in these actions. D.I. 1 (1135 case); D.I. 1 (1136 case).  Fact discovery is ongoing and closes on July 29, 2026, with the deadline for substantial completion of document production on May 14, 2026, and the claim construction hearing scheduled for April 23, 2026. D.I. 35 (1135 case) at 2–3, 11; D.I. 38 (1136 case) at 2–3, 11.

GSK served its First Set of Interrogatories Nos. 1–13 on April 9, 2025 in both cases.  D.I. 40 (1135 case); D.I. 43 (1136 case).  GSK served its Second Set of Interrogatories Nos. 14–15 on December 23, 2025 in the 1135 case only. D.I. 139 (1135 case).  Moderna served its First Set of Interrogatories Nos. 1–10 in the 1135 case and Nos. 1–11 in the 1136 case on April 11, 2025.  D.I. 42 (1135 case); D.I. 45 (1136 case).  Moderna served its Second Set of Interrogatories Nos. 11–15 in the 1135 case and Nos. 12–16 in the 1136 case on February 17, 2026. D.I. 145 (1135 case); D.I.

_____

[2] A court reporter was present for the March 11, 2026, hearing and provided a copy of the hearing transcript ("Hrg. Tr.") to the Special Master on March 18, 2026.

130 (1136 case).

## II.   LEGAL STANDARD

### A.  Contention Interrogatories and the Scheduling Order

The Court's Scheduling Order provides that contention interrogatories "shall first be addressed by the party with the burden of proof." D.I. 35 (1135 case) at 3; D.I. 38 (1136 case) at 3.[3] The Scheduling Order also provides that "[t]he adequacy of all interrogatory answers shall be judged by the level of detail each party provides," such that the more detail a party supplies, the more detail it may expect in return. *Id.* at 3. Specifically, the Scheduling Order states that:

> The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive).

*Id.* at 3.

### B.  Supplementing Discovery Disclosures and Responses

Federal Rule of Civil Procedure 26(e) governs the parties' duty to supplement discovery. It requires parties to timely supplement or correct prior disclosures or discovery responses if they learn the information is incomplete or incorrect, provided the additional information has not already been made known to the other parties. Fed. R. Civ. P. 26(e). Rule 26(e)(1)(A) states that supplementation must occur "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

---

[3] D.I. 35 in the 1135 case and D.I. 38 in the 1136 case are referred to collectively as the "Scheduling Order."

### C. Responses to Interrogatories

Federal Rule of Civil Procedure 33 requires that interrogatories be answered within 30 days of service. *See* Fed. R. Civ. P. 33(b)(2). The rule permits a responding party to specify business records from which the answer may be derived if the burden of deriving the answer is substantially the same for the requesting party as for the responding party, but the responding party must identify the records with sufficient specificity to allow the requesting party to locate and identify them. Fed. R. Civ. P. 33(d).

### III.   ANALYSIS

**A.   Whether Moderna Must Supplement Its Responses to GSK's Interrogatory Nos. 3, 5–7, 11–13, and 15 in the 1135 Case and Nos. 3, 5–7, and Nos. 11–13 in the 1136 Case.**

GSK seeks to compel Moderna to provide supplemental responses to GSK's Interrogatory Nos. 3, 5–7, 11–13, and 15 in the 1135 case, and Nos. 3, 5–7, and 11–13 in the 1136 case. GSK Op. Br. at 1.

**1.   Whether Moderna Must Supplement Its Response to GSK's Interrogatory No. 3.**

GSK's Interrogatory No. 3 seeks Moderna's factual and legal bases for its contention that it does not infringe the asserted claims, whether literally or under the doctrine of equivalents, and whether directly or indirectly. GSK Op. Br. at 2.  GSK argues that Moderna's response fails to provide limitation-by-limitation non-infringement contentions for the asserted claims. *Id.* at 2.

GSK argues that Moderna's initial response, served on May 13, 2025, cited Moderna's entire Biologics License Applications ("BLA") (more than 300,000 pages in the 1135 case and 68,000 pages in the 1136 case) under Rule 33(d), stated that Moderna was "unable to provide a complete, limitation-by-limitation response at this time," and listed four preconditions for responding. GSK Op. Br. at 2. GSK contends that it has satisfied all four preconditions: it identified its asserted claims and provided preliminary infringement contentions on June 27, 2025;

voluntarily narrowed the asserted claims on October 3, 2025; provided proposed claim terms for construction and proposed constructions in September and October 2025; and has produced over 68,000 documents in both cases. *Id.* at 2–3.

GSK maintains that Moderna's supplemental responses, served on August 1 and 13, 2025, continued to cite thousands of pages of the BLAs under Rule 33(d) and, again, provided "no limitation-by-limitation non-infringement contentions." GSK Op. Br. at 2. GSK argues that it is entitled to Moderna's non-infringement positions so that it can plan its litigation strategy, including fact deponents, third-party subpoenas, and Rule 30(b)(6) deposition topics, and that the Scheduling Order encourages the parties to "serve and respond to contention interrogatories early in this case." *Id.* at 3.

In response, Moderna argues that GSK's motion should be denied because it has supplemented its responses in good faith and GSK's demanded timeline is unreasonable given the scope of the case. Moderna Ans. Br. at 1–2. Moderna contends that GSK's narrowing of the asserted claims is "purely cosmetic" because Moderna must still address over one hundred claims and 47 separate claim elements over 11 patents, and that the narrowing resulted in only two claim elements being removed from both cases. *Id.* at 2. Moderna further argues that its proposed schedule contemplates serving non-infringement contentions by early April, and that this timeline is reasonable because Markman briefing has just concluded, Moderna's claim construction expert's deposition occurred in early March, which was followed by GSK's claim construction expert's deposition in late March. *Id.* at 2. Moderna also contends that GSK has failed to reciprocate by supplementing its own discovery responses, including to Moderna's Interrogatory Nos. 2, 3, and 7, and that GSK abandoned the schedule for the parties' supplementation and mutual exchange of contention interrogatory responses it had previously proposed. *Id.* at 2–5.

GSK's motion to compel Moderna to supplement its response to Interrogatory No. 3 is **GRANTED IN PART**. The Special Master finds that Moderna's current response to Interrogatory No. 3 is deficient. The parties have now conducted nearly a year of discovery, during which GSK has provided infringement contentions and narrowed the asserted claims. The Scheduling Order also encourages early exchange of contention interrogatories. *See* Scheduling Order at 3 (encouraging "the parties to serve and respond to contention interrogatories early in the case"). Against this backdrop, Moderna's response, which relies heavily on citations to hundreds of thousands of pages of BLA materials under Rule 33(d) and provides no limitation-by-limitation non-infringement contentions, is insufficient. While the Special Master recognizes that contention interrogatory responses may evolve over time, that principle does not justify withholding any substantive response for nearly a year.

Moreover, Moderna's reliance on Rule 33(d) to cite the entirety of its BLA files in lieu of providing substantive non-infringement contentions is inadequate at this stage. As the developer of the Accused Products, Moderna is more familiar with the contents of its own BLA files than GSK, and the burden of deriving the requested non-infringement contentions from those materials is not substantially the same for either party. *See* Fed. R. Civ. P. 33(d)(2).

At the same time, the Special Master finds merit in Moderna's arguments that claim construction briefing has just concluded, the claim construction hearing is scheduled for April 23, 2026, and the Court's claim construction ruling may materially affect Moderna's non-infringement positions. The Special Master also finds merit in Moderna's concern that GSK continues to assert a substantial number of claims.

On balance, however, GSK has the stronger position, and Moderna must provide substantive non-infringement contentions responsive to Interrogatory No. 3. The motion is

**GRANTED** to the extent it seeks the factual and legal bases for Moderna's non-infringement position as it stands at this stage of the case. Moderna is not required to provide supplementation tantamount to complete or final contentions or expert discovery. It must, however, set forth the factual and legal bases for non-infringement that it has presently formulated and is currently relying on. To the extent Moderna has developed factual or legal theories as to why it does not infringe the asserted claims, it must supplement its interrogatory response to set forth those bases, subject, of course, to further supplementation under Rule 26(e) as the case progresses.

IT IS HEREBY ORDERED that Moderna shall supplement its response to GSK's Interrogatory No. 3 as set forth in the schedule below (*see* Section III.B.5) for the supplementation and exchange of contention interrogatory responses.

### 2. Whether Moderna Must Supplement Its Responses to GSK's Interrogatory Nos. 11–13.

GSK seeks to compel Moderna to provide the factual information called for in Interrogatory Nos. 11–13. GSK Op. Br. at 5. GSK's Interrogatory No. 11 requests financial information related to each Accused Product, including unit counts (made, used, sold, imported, exported, on a customer-by-customer basis) and financial data (revenues, costs, profits, margins), on a monthly, quarterly, and annual basis. *Id.* at 4. GSK argues that Moderna's initial response identified only two documents under Rule 33(d): one containing cumulative company-wide financial data not separated by product, and another containing a spreadsheet with only three columns (Category, Total Units, Total Revenue) and one row per year, with no indication of which product the data corresponded to. *Id.* at 4 (citing Exs. 27, 28, 29); *see also* Hrg. Tr. at 19:8–21:15. GSK contends that Moderna's August 2025 supplemental responses added no new substantive information, and that Moderna has provided virtually no financial information, licenses, or other discovery to inform GSK's assessment of damages in the intervening nine months. GSK Op. Br.

7

at 4–5.

GSK's Interrogatory No. 12 requests, among other things, that Moderna identify factual information, including purportedly comparable license agreements, alleged non-infringing alternatives, and any other information relevant to measuring damages. GSK Op. Br. at 4. GSK's Interrogatory No. 13 requests relevant factual information about Moderna's ongoing royalty obligations with respect to the Accused Products and its contentions regarding royalty stacking, which GSK argues is relevant to damages apportionment under *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). *Id.* at 4.

GSK argues that it proposed a schedule for the parties to exchange damages-related information and contentions, under which Moderna would provide the factual information called for in Interrogatory Nos. 11–13, after which GSK would serve damages contentions and Moderna would serve responsive contentions. GSK Op. Br. at 4–5. GSK contends, however, that Moderna refused to provide factual information responsive to Interrogatory Nos. 11 and 12 under the proposed schedule and refused to provide factual information responsive to Interrogatory No. 13 at all. GSK *Id.* at 5.

In response, Moderna contends that, for Interrogatory No. 11, it has already produced product level data, including breakdowns by COVID and RSV products, as well as by U.S. versus non-U.S. sales and government versus private sales. Moderna Ans. Br. at 2. Moderna argues that some of the requested data is not readily available, is not maintained in the ordinary course of business for certain time periods, and would require compilation from multiple departments. *Id.* at 2; *see also* Hrg. Tr. at 47:14–18 ("This is information that needs to be compiled from different departments and different parts of the company, so this is not a straightforward or quick process."); 50:5–14.

Moderna argues that its responses to Interrogatory Nos. 11 and 12 are sufficient to the extent the interrogatories seek expert discovery that Moderna will disclose during the expert discovery phase. Moderna Ans. Br. at 2, 5.  Moderna also argues that supplementation of damages-related discovery, including production of third-party licenses, is dependent on completion of the supplemental Protective Order process, which is ongoing. Moderna Ans. Br. at 6. Moderna notes that it provided a draft supplemental Protective Order to GSK, and the parties met and conferred regarding same, but that GSK's motion attempts to accelerate production obligations that are already being addressed in good faith. *Id.* at 5.  As to Interrogatory No. 13, Moderna argues that the issue is properly addressed as a rebuttal after GSK serves its damages contentions. *Id.* at 5.

GSK's motion to compel Moderna to supplement its responses to Interrogatory Nos. 11–13 is **GRANTED IN PART** and **DENIED IN PART**. With respect to Interrogatory No. 11, the Special Master finds that the requested financial information, including product-specific revenues, costs, profits, and margins, constitutes basic factual discovery to which GSK is entitled, and that the spreadsheets Moderna has produced to date are insufficient. In particular, the Special Master finds that the three-column spreadsheets reflecting only "Category," "Total Units," and "Total Revenue" on an annual basis, without costs, margins, or further breakdown, fails to satisfy Moderna's discovery obligations. The Special Master is unpersuaded that Moderna, a large publicly traded biopharmaceutical company, lacks reasonable access to its own product-level financial data. The Special Master, however, is also unpersauded that GSK has demonstrated a specific need for monthly data as opposed to quarterly and annual data.

Accordingly, Moderna shall supplement its response to Interrogatory No. 11 to provide, for each Accused Product, financial information on a quarterly and annual basis, including at a minimum, units sold (broken down by U.S. and non-U.S.), revenues, cost of goods sold, and gross

profit or margin. GSK's Motion is **DENIED** to the extent it seeks monthly data.

With respect to Interrogatory No. 12, the Special Master finds merit in both parties' positions. To the extent Interrogatory No. 12 calls for factual information such as identification of comparable license agreements, Moderna shall provide that information. However, the Special Master acknowledges Moderna's representation that it is in the process of notifying third parties and negotiating a supplemental Protective Order to protect third-party confidential information before producing license agreements. This is a legitimate concern, and the Special Master will not order production of third-party licenses until a supplemental Protective Order is in place. The parties are directed to finalize the supplemental Protective Order on an expedited basis, and Moderna shall supplement its response to Interrogatory No. 12, including identifying and producing comparable license agreements, within fourteen (14) days of the entry of the supplemental Protective Order.

With respect to Interrogatory No. 13, which calls for information about Moderna's ongoing royalty obligations and royalty stacking, the Special Master finds that this information is relevant to damages apportionment and must be provided. *See Georgia-Pacific*, 318 F. Supp. at 1120 (setting forth factors for determining a reasonable royalty). However, as with license agreements, production of third-party royalty information is subject to the completion of the supplemental Protective Order process. The Special Master also finds that royalty stacking is, in part, a rebuttal issue, and that Moderna should not be required to provide royalty stacking contentions before GSK serves its damages contentions. The motion is therefore **DENIED** to that extent.

IT IS HEREBY ORDERED that Moderna shall supplement its response to GSK's Interrogatory No. 11 as set forth in the schedule below (*see* Section III.B.5) for the supplementation and exchange of contention interrogatory responses.

IT IS HEREBY FURTHER ORDERED that the parties shall finalize the supplemental Protective Order no later than seven (7) days after the date of this Memorandum Opinion and Order. If the parties are unable to reach agreement, they shall promptly notify the Special Master. Moderna shall supplement its responses to Interrogatory Nos. 12 and 13 to provide the requested factual information, including identification and production of comparable license agreements and third-party royalty information as set forth in the schedule below (*see* Section III.B.5) for the supplementation and exchange of contention interrogatory responses. Moderna is not, however, required to provide the contention aspects of Interrogatory No. 13 until after GSK serves its damages contentions.

### 3. Whether Moderna Must Supplement Its Responses to GSK's Interrogatory Nos. 5, 6, 7, and 15.

GSK seeks to compel Moderna to supplement its responses to Interrogatory No. 5 (unenforceability contentions), Interrogatory No. 6 (prosecution disclaimer and prosecution estoppel contentions), Interrogatory No. 7 (willfulness contentions), and Interrogatory No. 15 (government sales under 28 U.S.C. § 1498(a), served only in the 1135 case). GSK Op. Br. at 5.

GSK argues that, other than willfulness (which GSK pled in the Complaint), Moderna itself raised unenforceability, prosecution disclaimer, and prosecution estoppel as defenses in its Answer, yet its current responses to these interrogatories "provide little to no substantive information." GSK Op. Br. at 5. GSK contends it is entitled to understand the factual and legal bases for these defenses, which Moderna affirmatively raised, in order to formulate its strategy for the remainder of the litigation. *Id.* at 5. With respect to Interrogatory No. 15, GSK notes that the Court recently denied Moderna's motion for summary judgment in *Arbutus Biopharma Corp. v. Moderna, Inc.*, No. 22-252-JDW (D. Del.), based on a government sales defense under § 1498(a), and contends it is entitled to know whether Moderna intends to pursue the same defense here. *Id.*

11

at 5.

In response, Moderna argues that its responses to these interrogatories comply with the Scheduling Order and that any further supplementation is premature pending the outcome of claim construction. Moderna Ans. Br. at 5. Moderna also argues that GSK has refused to reciprocate by providing its own discovery responses and that the parties have never met and conferred regarding Interrogatory No. 15. *Id.* at 1–3.

GSK's motion to compel Moderna to supplement its responses to Interrogatory Nos. 5, 6, 7, and 15 is **GRANTED IN PART** and **DENIED IN PART**. With respect to Interrogatory Nos. 5 and 6, the Special Master finds that supplementation is appropriate. Moderna affirmatively raised unenforceability and prosecution disclaimer/estoppel as defenses in its Answer and must therefore provide GSK with at least preliminary notice of the factual and legal bases for those contentions. Neither the Scheduling Order nor the pendency of claim construction relieves Moderna of this obligation or justifies withholding all substantive disclosure on defenses it has elected to pursue. However, consistent with the approach taken above with respect to Interrogatory No. 3, Moderna's supplemental responses should, at a minimum, set forth its current factual and legal bases for these defenses to the extent such positions have been developed and are known to Moderna at this stage of the case.

With respect to Interrogatory No. 7, the Special Master finds that supplementation is premature at this time. GSK bears the burden of proof on willfulness, and the Scheduling Order provides that the party with the burden of proof must first serve its own contention interrogatories. Scheduling Order, at 3. The record does not reflect that GSK has provided Moderna with detailed willfulness contentions sufficient to trigger a reciprocal obligation. GSK acknowledged at the hearing that it has not yet served willfulness contentions and conceded that this issue is lower

priority. *See* Hrg. Tr. at 33:15–24; 34:20–24. Accordingly, Moderna's obligation to supplement its response to Interrogatory No. 7 will not arise until GSK has served its own substantive willfulness contentions. The motion to compel supplementation of Interrogatory No. 7 is therefore **DENIED** without prejudice to renewal after GSK has done so.

With respect to Interrogatory No. 15, the Special Master finds that supplementation is appropriate, but notes that the parties have not yet met and conferred regarding this interrogatory. The Special Master will direct the parties to meet and confer in good faith regarding this interrogatory. If the parties are unable to reach agreement, Moderna shall supplement its response to Interrogatory No. 15 within fourteen (14) days after conclusion of the parties' meet and confer process.

IT IS HEREBY ORDERED that Moderna shall supplement its response to GSK's Interrogatory Nos. 5 and 6 as set forth in the schedule below (*see* Section III.B.5) for the supplementation and exchange of contention interrogatory responses.

IT IS HEREBY FURTHER ORDERED that the parties shall meet and confer regarding Interrogatory No. 15. If the parties are unable to reach agreement, Moderna shall supplement its response to Interrogatory No. 15 within fourteen (14) days after the conclusion of the meet and confer process, but in no event later than the deadline for supplementation and exchange of contention interrogatory responses set forth in the schedule below.

Accordingly, GSK's Motion is **GRANTED IN PART** and **DENIED IN PART**.

B.  **Whether GSK Must Supplement Its Responses and/or Timely Respond to Moderna's Interrogatory Nos. 2, 3, 7, and 11–15 in the 1135 Case, and Nos. 2, 4, 8, and 12–16 in the 1136 Case.**[4]

Moderna seeks to compel GSK to supplement its responses and/or timely respond to

---

[4] Moderna's Interrogatory Nos. 2, 3, 7, and 11–15 in the 1135 case correspond to its

13

Moderna's Interrogatory Nos. 2, 3, 7, and 11–15 in the 1135 case, and Interrogatory Nos. 2, 4, 8, and 12–16 in the 1136 case. Moderna's Op. Br. at 1. Moderna also requests that the Special Master adopt its proposed schedule for the parties' exchange of contention interrogatory responses. *Id.* at 5.

### 1. Whether GSK Must Supplement Its Response to Moderna's Interrogatory No. 2.

Moderna seeks to compel GSK to supplement its response to Interrogatory No. 2, which requests GSK to "identify and describe in detail the conception and reduction to practice of the claimed subject matter of the Patents-In-Suit, including the priority date to which Plaintiffs assert each claim is entitled; the date that the claimed subject matter was first conceived and the date it was reduced to practice; and the diligence leading to such reduction to practice." Moderna's Op. Br. at 1 (quoting Ex. 1 at 7).

Moderna argues that, despite having served its Initial Invalidity Contentions on August 25, 2025, which challenged GSK's claimed priority dates, GSK has failed to supplement its response to Interrogatory No. 2. Moderna's Op. Br. at 2–3. Moderna contends that GSK's response merely cites to the file histories and priority applications for the Asserted Patents (totaling nearly 200,000 pages) and provides no substantive detail regarding the dates of conception, reduction to practice, the diligence between conception and reduction to practice, or the role of each inventor. *Id.* at 3– 4 (citing Ex. 1 at 8); *see also* Hrg. Tr. 72:14–22 ("We didn't ask merely for a date, we also asked for the date the subject matter was first conceived, the date it was reduced to practice, the diligence leading to the reduction to practice, identify evidentiary evidence. So far they haven't pointed to a

---

Interrogatory Nos. 2, 4, 8, and 12–16 in the 1136 case, respectively. Accordingly, although this section discusses only Interrogatory Nos. 2, 3, 7, and 11–15 in the 1135 case, the Special Master's analysis applies equally to the corresponding Interrogatory Nos. 2, 4, 8, and 12–16 in the 1136 case.

single laboratory notebook, a single technical report, nothing."). Moderna argues that these responses fail to comply with Rule 33(d) and improperly place the burden on Moderna to "divine" GSK's position from the cited documents. *Id.* at 4.

In response, GSK argues that it has already provided its contention that the inventions of each Asserted Patent were conceived and reduced to practice no later than the filing date of the underlying priority applications (i.e., July 6, 2010). GSK Ans. Br. at 2. GSK argues that it is not currently alleging any earlier conception or reduction to practice date and discovery has not been taken from any of the inventors, so there is nothing for GSK to supplement. *Id.* at 2. GSK argues that its response to Interrogatory No. 2 is sufficient because it is relying on constructive reduction to practice based on the earliest priority application date, which is a legal contention that does not require further factual development. *Id.* at 2; *see also* Hrg. Tr. at 62:7–64:1, 63:12–14 ("They don't require for that contention any further facts about conception and reduction to practice."). GSK further argues that Moderna's invalidity contentions do not actually challenge GSK's priority date; rather, they challenge written description and enablement, which are validity issues under 35 U.S.C. § 112 and do not require GSK's contentions as to pre-filing conception and reduction to practice. *Id.* at 2.

Moderna's motion to compel GSK to supplement its response to Interrogatory No. 2 is **GRANTED IN PART**. The Special Master finds merit in aspects of both parties' positions. GSK is correct that its current response identifies the priority date GSK is claiming, namely, no later than July 6, 2010, based on the filing of the underlying provisional applications. GSK Ans. Br. Ex. 1 at 8–12. At this stage, GSK is not required to allege or prove an earlier date of invention unless and until Moderna raises an invalidity contention based on prior art that predates the filing date of the earliest priority application.

15

However, Moderna is also correct that GSK's response is deficient in certain respects. GSK's citation to nearly 200,000 pages of prosecution history documents, without any narrative explanation or specific identification of documents supporting its priority contentions, does not satisfy Rule 33(d)'s requirement that the responding party identify records with sufficient specificity. *See, e.g., RTC Indus. Inc. v. Fasterners for Retail, Inc.*, No. 17-CV-3595, 2020 WL 4815948, at *4 (N.D. Ill. Aug. 19, 2020) (finding Rule 33(d) productions insufficient for priority date discovery because the defendant "cannot be expected to divine [plaintiff's] position from the documents cited"); *see also* Moderna's Op. Br. at 3–4. Additionally, to the extent Moderna's invalidity contentions challenge the Asserted Patents' entitlement to a 2010 priority date based on written description and enablement grounds, those challenges are relevant to whether GSK's claimed priority date is valid, and GSK should provide a response sufficient to permit Moderna to assess its defenses.

Even accepting GSK's contention that it relies on constructive reduction to practice, the Special Master finds that GSK's response is insufficient. Moderna's interrogatory seeks more than a bare priority date: it also seeks dates of conception, dates of reduction to practice, the diligence between conception and reduction to practice, and identification of supporting evidence. As far as the Special Master can determine from the record, GSK has not identified, for example, any laboratory notebook, technical report, or other contemporaneous document supporting its priority contentions in response to this interrogatory. As the patentee, GSK is in the best position to identify the factual bases for its priority contentions.

Accordingly, GSK shall supplement its response to Interrogatory No. 2 by providing the factual and legal bases for its priority contentions, identifying all supporting documents or other information developed or known to GSK at this stage of the case. Such identification shall be made

16

with reasonable specificity including where GSK relies on prosecution history, citation to the particular documents within the file history that GSK contends support its position, rather than mere citation to the entire file history.

IT IS HEREBY ORDERED that GSK shall supplement its response to Moderna's Interrogatory No. 2 as set forth in the schedule below (*see* Section III.B.5) for the supplementation and exchange of contention interrogatory responses.

### 2. Whether GSK Must Supplement Its Response to Moderna's Interrogatory No. 3 in the 1135 Case and No. 4 in the 1136 Case.

Moderna seeks to compel GSK to supplement its response to Interrogatory No. 3, which requests GSK to identify the contribution to the claimed subject matter from each named inventor. Moderna's Op. Br. at 1, Ex. 1 at 12. Moderna argues that its invalidity contentions challenge GSK's claimed inventorship and that GSK has failed to articulate any factual position regarding inventorship despite the central role these issues play in assessing invalidity. *Id.* at 3–4. Moderna notes that GSK's response identifies the named inventors and refers to file histories but provides no substantive detail regarding the contribution of each inventor. *Id.* at 3–4. Moderna argues that although GSK likely has detailed inventorship and conception analyses as a result of its acquisition of the patent portfolio from Novartis, it has failed to provide such information in its interrogatory responses. *See* Hrg. Tr. at 56:21–57:2 ("GSK actually purchased these patents from Novartis back in the 2015 timeframe. All this analysis was almost certainly done. It's not clear why they can't provide that in their interrogatory responses.").

In response, GSK argues that Moderna's only allegation relating to inventorship in its invalidity contentions is that the inventive entity differs between certain Asserted Patents that Moderna contends are closely related. GSK Ans. Br. at 2. GSK notes that its current response identifies the named inventors and states that "Andrew Geall, Christian Mandl, Gillis Otten, and

Katrin Ramsauer may be knowledgeable about the information subject to this Request." *Id.* at 3. GSK argues that none of those individuals currently works for GSK and none has been deposed, making it premature for Moderna to demand a supplemental response. *Id.* at 3. GSK maintains that, because the inventors have not yet been deposed, further factual responses would be better provided after depositions. *Id.* at 2–3; *see also* Hrg. Tr. at 64:7–13 ("There's really not any other information we can give them at this point to supplement a factual interrogatory about inventor contributions. It would be better to wait until after the depositions and we can supplement it with new information.").

Moderna's motion to compel GSK to supplement its response to Interrogatory No. 3 is **DENIED**. The Special Master finds that GSK's response to Interrogatory No. 3 is sufficient at this stage. GSK's response identifies the named inventors and notes that they may be knowledgeable about their respective contributions. GSK Ans. Br. Ex. 1 at 12–16. The named inventors do not currently work for GSK, and no depositions have been taken. GSK Ans. Br. at 3. Under these circumstances, it would be premature to compel GSK to supplement its response before fact discovery, including depositions of the named inventors, has occurred. Accordingly, GSK shall supplement its response to Interrogatory No. 3 in a timely manner if and when additional information regarding inventor contributions becomes available through fact discovery, in accordance with Rule 26(e).

### 3. Whether GSK Must Supplement Its Response to Moderna's Interrogatory No. 7 in the 1135 Case and No. 8 in the 1136 Case.

Moderna seeks to compel GSK to supplement its response to Interrogatory No. 7, which requests GSK to describe the factual and legal basis for its damages contentions, including whether GSK seeks lost profits or a reasonable royalty, the bases for those theories, and all facts and documents supporting GSK's contentions. Moderna's Op. Br. at 4, Ex. 1 at 29. Moderna argues

18

that GSK's response is deficient because it merely cites to GSK's Preliminary Identification of Asserted Patents, Accused Infringing Products, and Damages Model, which provides only "boilerplate demands for damages 'adequate to compensate GSK.'" *Id.* at 4. Moderna contends that courts require plaintiffs to provide "a meaningful articulation of the bases" for damages contentions, including facts relating to the *Georgia-Pacific* factors. *Id.* at 4. Moderna notes that it produced product sales information over eight months ago and that GSK has still failed to supplement. *Id.* at 2, 4–5.

Moderna maintains that GSK can obtain the information needed to provide a damages model from the public record, given that Moderna is a publicly-traded company with readily accessible public financials. Moderna's Op. Br. at 4, Ex. 5 at 5. Moderna also notes that it has committed to serving supplements regarding comparable licenses and non-infringing alternatives. *Id.* at 5.

In response, GSK argues that Moderna has refused to provide GSK with relevant damages discovery since June 2025. GSK Ans. Br. at 3. GSK argues that the only financial information Moderna has produced are "two spreadsheets per case, one with company-wide financials, not broken down by product, and the other a litigation-created document with only two cryptic columns of data." *Id.* at 3. GSK contends that Moderna's public financials do not give a detailed breakdown of profits and losses for each Accused Product and that GSK is entitled to production of Moderna's licenses regarding the Accused Products so that it can formulate contentions about which are "comparable" under the *Georgia-Pacific* factors. *Id.* at 3. GSK maintains that once Moderna provides complete discovery, it will supplement its response to Interrogatory No. 7. *Id.* at 3; *see also* Hrg. Tr. at 24:22–25:3 (stating "we want this financial information, and if they give it to us, we're then willing to supplement our interrogatory response to [Moderna's] damages

contention interrogatory").

Moderna's motion to compel GSK to supplement its response to Interrogatory No. 7 is **GRANTED IN PART**. As the party seeking damages, GSK bears the burden of proof and must provide at least a preliminary articulation of its damages theories. The development of detailed damages contentions, however, necessarily depends on access to the opposing party's financial information, including product-level financials, comparable licenses, and non-infringing alternatives. GSK's response to Interrogatory No. 7 reasonably reserved the right to supplement "after Defendants produce complete financial information regarding the Accused Products." GSK Ans. Br. at 3 (quoting Ex. 1 at 30).

The Special Master finds Moderna's assertion that GSK can derive a damages model solely from Moderna's public financials unpersuasive. Although those filings provide some information, they lack the detailed product-level profit and loss data, comparable license terms, and other information necessary to formulate meaningful damages contentions under the *Georgia-Pacific* factors.

Accordingly, a reciprocal exchange of damages-related discovery and contentions is appropriate. GSK shall supplement its response to Interrogatory No. 7 within a reasonable timeframe after Moderna produces its supplemental financial information. This sequencing ensures that GSK has adequate data to formulate its damages case while also providing Moderna timely access to GSK's damages theories.

IT IS HEREBY ORDERED that GSK shall supplement its response to Moderna's Interrogatory No. 7 as set forth in the schedule below (*see* Section III.B.5) for the supplementation and exchange of contention interrogatory responses.

    **4. Whether GSK Must Supplement Its Response to Moderna's Interrogatory Nos. 11–15 in the 1135 Case, and Nos. 12–16 in the 1136 Case.**

With respect to GSK's responses to Moderna's Interrogatory Nos. 11–15 and 12–16, GSK argues that these responses were not due until March 18, 2026 such that Moderna's motion is premature. GSK Ans. Br. at 4. The Special Master agrees. These interrogatories were served on February 16, 2026, and under Rule 33(b)(2), GSK's responses were not due until March 18, 2026, which GSK has since served on that date. D.I. 171 (1135 case); D.I. 156 (1136 case). Moderna has not established that GSK has failed to comply with any discovery obligation with respect to these interrogatories. Accordingly, Moderna's motion to compel "timely" responses to these interrogatories is **DENIED**.

    **5. Whether the Special Master Should Adopt Moderna's Proposed Schedule for Contention Interrogatory Exchanges.**

Moderna seeks an order adopting its proposed schedule for the supplementation and exchange of contention interrogatory responses, which would require GSK to provide certain responses earlier than GSK has proposed. Moderna's Op. Br. at 2–3. GSK opposes Moderna's proposed schedule and argues that its own proposed schedule is more appropriate given the respective burdens of proof and the status of discovery. GSK's Op. Br. at 4–5 (citing Ex. 19 at 1–3). According to Moderna, the principal differences between the parties' proposed schedules concern: the timing of GSK's damages contentions and conception/reduction-to-practice contentions; the timing of Moderna's financial discovery and comparable license disclosures; and the timing of GSK's responses to Moderna's Interrogatory Nos. 11–15 in the 1135 case, and Nos. 12–16 in the 1136 case. Moderna's Op. Br. at 2–3.

Moderna's motion to adopt its proposed schedule for the supplementation and exchange of contention interrogatory responses is **DENIED**. The Special Master declines to adopt either party's proposed schedule but recognizes the need for a scheduling framework that imposes reciprocal

obligations reflecting the current posture of the case, each party's respective burden of proof, the approaching close of fact discovery, and each party's need for sufficient information to prepare its case.

IT IS HEREBY ORDERED that the parties shall supplement and exchange their contention interrogatory responses on the following schedule:

**By April 28, 2026**

Moderna shall serve:

- A supplemental response to GSK's Interrogatory No. 11 disclosing the requested financial information (including product-level financial data for the Accused Products), and production of the underlying documents;

- A supplemental response to GSK's Interrogatory No. 12 disclosing any licenses Moderna contends are comparable to the license the parties would have reached in the hypothetical negotiation, the identity of any alleged non-infringing alternatives Moderna may rely on, and production of those licenses and supporting documents; and

- A supplemental response to GSK's Interrogatory No. 13 disclosing all royalties or other amounts owed by Moderna to any third party under any license or other agreement covering Accused Products, and production of those agreements.

**By May 12, 2026**

GSK shall serve:

- A supplemental response to Moderna's Interrogatory No. 7 in the 1135 case and No. 8 in the 1136 case, disclosing damages contentions, and production of any documents relied upon in its contentions; and

22

- A supplemental response to Moderna's Interrogatory No. 2, disclosing conception and reduction-to-practice contentions, and production of any documents relied upon in its contentions.

**By May 26, 2026:**

Moderna shall serve:

- Non-infringement contentions in response to GSK's Interrogatory No. 3, and production of any documents relied upon in its contentions.

GSK shall serve:

- Validity contentions in response to Moderna's invalidity contentions, and production of any documents relied upon in its contentions.

**By June 9, 2026**

Moderna shall serve:

- A supplemental response to GSK's Interrogatory Nos. 12 and 13 rebutting GSK's damages contentions, and production of any documents relied upon in its contentions;

- A supplemental response to GSK's Interrogatory No. 15 in the 1135 case, providing Moderna's contentions as to what, if any, sales of the Accused Products are subject to 28 U.S.C. § 1498, and a production of any documents relied upon in its contentions;

- Unenforceability contentions (including but not limited to prosecution laches) in response to GSK's Interrogatory No. 5, and a production of any documents relied upon in its contentions; and

- Prosecution disclaimer and prosecution estoppel contentions in response to GSK's Interrogatory No. 6, and a production of any documents relied upon in its contentions.

GSK shall serve:

- Willfulness contentions setting forth the basis for any assertion that Moderna's alleged infringement was willful, and a production of any documents relied upon in its contentions.

**By June 23, 2026**

GSK shall serve:

- Enforceability contentions in response to Moderna's unenforceability contentions, and a production of any documents relied upon in its contentions; and

- Prosecution disclaimer and prosecution estoppel contentions in response to Moderna's prosecution disclaimer and prosecution estoppel contentions, and production of any documents relied upon in its contentions.

Moderna shall serve:

- A supplemental response to GSK's Interrogatory No. 7 rebutting GSK's willfulness contentions, and production of any documents relied upon in its contentions.

Accordingly, Moderna's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## IV.    CONCLUSION

For the foregoing reasons, GSK's Motion (D.I. 177 (1135 case); D.I. 162 (1136 case)) and Moderna's Motion (D.I. 156 (1135 case); D.I. 141 (1136 case)) are each **GRANTED IN PART** and **DENIED IN PART**.

* * *

This Memorandum Opinion and Order is preliminarily submitted under seal as a precaution because the parties' briefing was filed under seal. Within three (3) business days of this Order, the parties shall jointly email the Special Master and advise of any proposed redactions.

IT IS SO ORDERED.

Dated: April 14, 2026

*Monte T. Squire*
_____
Special Master Monté T. Squire