**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GLAXOSMITHKLINE BIOLOGICALS SA and GLAXOSMITHKLINE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MODERNA, INC., MODERNATX, INC., and MODERNA US, INC.<br><br>Defendants. | C.A. 24-cv-1135-GBW<br>C.A. 24-cv-1136-GBW<br><br>**CONFIDENTIAL**<br><br>[redacted] |

**GSK'S LETTER BRIEF IN OPPOSITION TO MODERNA'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS**

OF COUNSEL:

John M. Desmarais
Kerri-Ann Limbeek
Kyle Petrie
Michael E. Furrow
Karl Mullen
Paul S. Macri
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
(212) 351-3400

Justin P. D. Wilcox
Adam Steinmetz
Thomas J. Derbish
Rebecca A. Lindhorst
Eric Speckhard
Jamie Dohopolski
Christopher Coleman
**DESMARAIS LLP**
1899 Pennsylvania Avenue, NW, Suite 400
Washington, D.C. 20006
(202) 451-4900

Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Counsel for Plaintiffs GlaxoSmithKline Biologicals SA and GlaxoSmithKline LLC*

Dated: September 15, 2026

Moderna's motion for leave to amend to add new inequitable conduct defenses largely rehashes the same arguments for "good cause" this Court already rejected. *See* D.I. 267.[1] Moderna's new allegations rely overwhelmingly on ***public*** prosecution histories and documents produced ***early*** in discovery. The Court should deny the motion as lacking diligence, prejudicial, and futile.

## I. Moderna's Belated Amended Pleadings Are Governed By Rule 16(b)(4).

Moderna's contention that "it must only meet the" lower "requirements of Rule 15(a)(2)" misstates the Court's prior order ***denying*** Moderna's motion to ***extend the pleading deadline***. *See* D.I. 298 at 1. The Court did ***not***, as Moderna represents, "grant Moderna leave to move to amend." D.I. 298 at 1 (denying motion to extend without prejudice). The Court found Moderna had "not demonstrated good cause under Fed. R. Civ. P. 16(b)(4) to modify the scheduling order's deadline for amendment." D.I. 267. Because it now seeks to amend its pleading after that deadline has passed, Moderna must comply with Rule 16(b)(4)'s good cause and diligence requirements. *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (applying Rule 16(b) good cause standard to request to amend after pleading deadline); *State Farm Mut. Auto. Ins. Co. v. Amazon.com, Inc.*, No. 22-1447-CJB, 2024 WL 4145022, at *2 (D. Del. Sept. 11, 2024); D.I. 298 at 1 (Moderna admitting the same, citing *Persawvere, Inc. v. Milwaukee Elec. Tool Corp.*, No. 21-400-GBW, 2023 WL 3750812, at *3 (D. Del. June 1 2023)). But even if diligence is shown, Moderna's motion fails because the amendments prejudice GSK and are futile. *See Asahi Glass Co., Ltd. v. Guardian Indus. Corp.*, 276 F.R.D. 417, 419 (D. Del. 2011).

## II. Moderna's Motion Should Be Denied Because Moderna Was Not Diligent.

### A. The Record Shows GSK Did Not Cause Moderna's Many Unexcused Delays.

Moderna cannot show the diligence required for good cause because it has not acted "promptly" to "mov[e] to amend when new evidence is revealed in discovery." *Eisai R&D Mgmt Co., Ltd. v. Shilpa Medicare Ltd.*, 656 F. Supp. 3d 515, 521 (D.N.J. 2023) (citation omitted); *see Corteva Agriscience LLC v. Inari Agric., Inc.*, No. 23-1059-TPM, 2026 WL 574624, at *5 (D. Del. Mar. 2, 2026) (explaining diligence "encompasses the totality of discovery"). Moderna claims that it could not meet the June 18, 2026 amendment deadline because GSK purportedly delayed providing "new evidence" that Moderna needed to plead inequitable conduct: (1) GSK's May 21, 2026 supplemental interrogatory responses; (2) GSK's document productions between May 14 and June 17, 2026[2]; and (3) GSK's June 19, 2026 updated privilege log. D.I. 298 at 2 & n.1. Although the first predates the June 18, 2026 deadline by several weeks, Moderna offers no justification why it could not meet that deadline, much less why it delayed until September 8, 2026 to file its motion. For the second, Moderna avows that those documents were "directly related" to its amendments, but ***fails to identify a single*** document bearing any direct relation to any theory of inequitable conduct.[3] D.I. 298 at 2. And the third can hardly be "critical" because Moderna

[1] Docket citations correspond to entries in 1:24-cv-01135-GBW for ease of reference but the arguments in this letter apply equally to both the 1135 and 1136 actions. All emphasis in this letter and all highlighting in Exhibits is added unless otherwise noted.

[2] GSK's production of about 38,000 documents accounts for less than 4% of GSK's overall production in these matters. D.I. 256 at 4.

[3] Moderna also failed to identify any such documents when it moved to extend. D.I. 256 at 4.

failed to (a) ask a single witness about GSK's privilege logs, or (b) cite the logs in its amended pleadings. In short, Moderna fails to explain how any of this information justifies its almost three-month delay in moving to amend.

Moderna's argument that good cause exists because its August 25, 2025 initial invalidity contentions supposedly reserved its rights to later assert an inequitable conduct theory should be rejected. D.I. 298 at 3. Moderna fails to cite any authority that a *pro forma* reservation provides adequate notice of its theories or good cause for belated amendments. Regardless, Moderna failed to provide any notice of its actual inequitable conduct theories in fact discovery, violating its Rule 26 duty to seasonably supplement. *See* Fed. R. Civ. P. 26(e)(1)(A). Indeed, Moderna never disclosed its inequitable conduct theories in response to GSK's equitable affirmative defenses contention interrogatory despite GSK calling out that failure more than two months ago. Ex. A at 13. Moderna only (and belatedly) disclosed its inequitable conduct theories ***after fact discovery closed*** in Moderna's August 24, 2026 final invalidity contentions.

Compounding its lack of diligence in disclosing its theories, Moderna further delayed in moving for leave to add inequitable conduct allegations. Although Moderna provided inequitable conduct allegations in its August 24, 2026 final invalidity contentions despite having never pled that defense, Moderna delayed nearly two weeks until the evening of September 3, 2026 to inform GSK it would seek leave to add the defense. *See* Ex. B at 8-9; Ex. A at 13 (Moderna's final invalidity contentions referring to Moderna's "Second Amended Counterclaims," which had not been filed). And Moderna did so only after GSK had made known its intent to strike Moderna's improper inclusion of an unpled inequitable conduct defense in its final invalidity contentions. *See* Ex. A at 13. Put simply, Moderna cannot come close to meeting its diligence burden.

### B. Moderna's Amended Pleadings Do Not Rely On Facts Learned After June 18, 2026 But Instead On Documents In Its Possession For Six Months Or More.

Moderna pleads an indecipherable number of inequitable conduct theories,[4] and Rule 16's diligence requirement applies to each. Yet, in its amended pleadings, Moderna does ***not identify a single fact underlying any of its new theories that it learned after the June 18, 2026 amendment deadline***. Although Moderna points to depositions that occurred after June 18, 2026, the documents discussed at those depositions were in Moderna's possession for many months before and, as shown below, it is the documents themselves—not the testimony—that form the bases of Moderna's inequitable conduct theories.

- **Martinon and "recapture" (D.I. 298 Ex. 2 ¶¶793-96).** Moderna alleges that GSK failed to re-disclose a prior art reference and previous rejections during prosecution—despite the fact GSK had overcome rejections based on the same reference in other patent applications. Even with all the discovery Moderna argues it needed to bring this theory, Moderna pled the intent allegations (D.I. 298 Ex. 2 ¶¶182, 244-46) ***entirely "on information and belief" with no deposition citations***. Indeed, every factual allegation underlying this claim rests on public file history documents. Moderna cannot show diligence in pursuing this theory because the

[4] Moderna fails to set out its specific theories among the roughly 550 newly added paragraphs or the roughly 800 paragraphs incorporated under Count XXIII. D.I. 298 Ex. 2 ¶791.

public record on which Moderna relies was produced by GSK ***about 18 months ago***. *See* D.I. 298 Ex. 2 ¶¶161, 163, 217, 218, 227 (citing DX403; DX405); Ex. C.[5]

- **"No new matter" (D.I. 298 Ex. 2 ¶¶797-99).** Moderna alleges that GSK misrepresented written-description support when GSK told the Patent Office in 2021, that it did not add new matter in amended claims. This theory is again entirely reliant on public file history documents and the patent itself. *See, e.g.*, D.I. 298 Ex. 2 ¶¶98, 112, 116, 130, 526, 527, 531 (citing DX410; DX415; DX417; DX810; GSK-PBM-00080897; GSK-PBM-00371313; GSK-PBM-00080904). Moderna received GSK's production of these materials on March 19, 2025, ***about 18 months ago***. Ex. C.
- **Common ownership of WO2011/076807 (D.I. 298 Ex. 2 ¶¶809-12).** Moderna alleges that GSK materially misrepresented the common ownership of WO2011/076807 (DX2015) during prosecution. Moderna's allegations again rely on publicly available documents—WO2011/076807 and the '467 Patent's prosecution history. *See* D.I. 298 Ex. 2 ¶¶477-78 (citing DX2015; GSK-PBM-00149567). Moderna has possessed these documents for ***almost a year or more***: the '467 Patent's prosecution history since at least March 19, 2025 and WO2011/076807 since at least October 23, 2025. Ex. C.
- **Semple 2010 and DLinDMA (D.I. 298 Ex. 2 ¶¶460-66).** Moderna alleges that GSK argued to the examiner that a skilled artisan would not have selected DLinDMA while GSK simultaneously knew that it derived its formulation from prior art references. In the paragraphs potentially relating to this theory, Moderna cites deposition exhibits DX117, DX430, DX865, and DX866. Moderna has been aware of these articles (Semple 2010, Zimmerman 2006) and other documents for ***over a year***, having even cited the articles in its August 25, 2025 initial invalidity contentions. Ex. C.
- **O'Hagan declarations (D.I. 298 Ex. 2 ¶¶803-08).** Moderna alleges that Dr. O'Hagan's PTO declarations (1) mischaracterized a prior art reference; (2) misrepresented whether siRNA teachings apply to mRNA; and (3) claimed "unexpected results" based on cherry-picked data. GSK produced those publicly available declarations ***about 18 months ago*** on March 19, 2025. D.I. 298 Ex. 2 ¶484 (citing DX871-73); Ex. C. Moderna asserts that the mischaracterizations are evidenced by the substance of the publicly available references that GSK produced ***nearly a year ago***. Ex. C. Additionally, GSK produced the allegedly cherry-picked data (D.I. 298 Ex. 2 ¶501 (citing DX115; DX876)) ***almost 15 months ago***. Ex. C.
- **"Negative" data (D.I. 298 Ex. 2 ¶¶800-02).** Moderna alleges that GSK withheld data from the PTO. But Moderna fails to identify any document produced after the May 14, 2026 substantial completion deadline that it was not previously aware of and that supports this theory. In fact, Moderna relies on (1) publicly available documents produced ***over a year ago***, D.I. 298 Ex. 2 ¶516 (citing GSK-PBM-00704948, GSK-PBM-00001093); (2) GSK presentations produced ***over a year ago***, DX865; (3) GSK correspondence produced ***nearly 6 months ago***, DX605; and (4) narrative with no cited support at all, *see, e.g.*, D.I. 298 Ex. 2 ¶577. Ex. C.
- **Monitoring Moderna (D.I. 298 Ex. 2 ¶¶535-66).** Moderna alleges that, because the Asserted Patents cover Moderna's products, GSK must have committed inequitable conduct.

---

[5] Exhibit C, which was created by GSK counsel, is a summary of the production dates for the DX exhibits and GSK documents in Moderna's inequitable conduct allegations cited herein.

Moderna cannot show diligence because, among other things, [redacted] and was in possession of any such related documents. *See, e.g.*, D.I. 298 Ex. 2 ¶540 (citing GSK-PBM-03855649 (dated Oct. 11, 2019) (attached as Ex. D)). In addition, GSK produced the other documents on which Moderna relies ***over 6 months ago***: [redacted]

- **Alleged "Pattern of Deceit" (D.I. 298 Ex. 2 ¶814).** For all the reasons discussed above, Moderna was not diligent in asserting a claim for "pattern" of deceit, which simply relies on the theories discussed above.

Moderna also tries to excuse its delay in moving to amend because it supposedly needed to depose Mr. Kron, Dr. Wright, and Dr. O'Hagan, to plead intent. D.I. 298 at 2. But Moderna fails to make any connection between their testimony and any of its new theories. Moderna should not be given the opportunity to advance belated fraud allegations against GSK, particularly those based on information publicly available at the inception of the case. Because Moderna has failed to meet its burden to show it was diligent in pursuing any of its belated inequitable conduct theories, the Court should deny the motion. *State Farm*, 2024 WL 4145022, at *2.

### III. Moderna's Requested Relief Would Unduly Prejudice GSK.

Moderna's belated proposed amendments should be denied because they would substantially prejudice GSK. Despite that its newly pled inequitable conduct theories rely almost entirely on documents produced at least 6 months ago, Moderna never disclosed any of those theories during fact discovery, preventing GSK from pursuing any discovery necessary to defend against those theories. On that basis alone, the Court should deny Moderna's motion.

Moderna argues GSK cannot be prejudiced because the relevant facts are "uniquely within GSK's possession." D.I. 298 at 3. That mistakes the prejudice. Nor is this case like those Moderna cites, where all the additional discovery that would be sought by the plaintiff was within the plaintiff's control. D.I. 298 at 3. The prejudice inquiry instead asks whether GSK is "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered." *Persawvere*, 2023 WL 3750812, at *3. That is the case here. The parties completed all the depositions of GSK and ***third-party inventor witnesses*** before Moderna disclosed its inequitable conduct theories. Thus, GSK had no opportunity to adduce testimony from those witnesses to rebut those theories, such as technical facts as to what GSK's technology is capable of, what its data shows, *e.g.*, D.I. 298 Ex. 2 ¶¶263-65, 470-75, 501. Nor did GSK have the opportunity to seek depositions of prior art authors to explore the substance of prior art references that form the basis of certain of Moderna's theories, *e.g.*, *id.* ¶¶258, 460-62, 503-04. Thus, Moderna's decision to lie in wait and only attempt to add new inequitable conduct defenses after fact discovery closed is the "substantial and undue prejudice" courts in this District have repeatedly recognized. *Asahi*, 276 F.R.D. at 419-20; *Magsil Corp. v. Seagate Tech.*, No. 08-940-HB, 2010 WL 2710472, at *1-2 (D. Del. July 7, 2010).

Moderna's argument that GSK cannot claim prejudice because "GSK has been on express notice of Moderna's intention" to add an inequitable conduct theory "for over a year," D.I. 298 at 3 (emphasis omitted), should be set aside. Moderna's bare invocation of a potential inequitable

conduct allegation in August 2025—without meeting Rule 9(b)'s heightened pleading standard—fails to provide notice of the actual theories. D.I. 298 Ex. 8 at 4.

## IV. Moderna's Late Inequitable Conduct Amendments Are Futile Under Rule 9(b)'s Heightened Pleading Standard.

Moderna's belated inequitable conduct amendments are futile because they cannot meet the Rule 9(b) particularity standard. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1325 (Fed. Cir. 2009). Moderna has not pled "the specific who, what, when, where, and how" for each of the two elements of inequitable conduct: that someone (1) misrepresented or omitted information material to patentability; and (2) did so with specific intent to mislead or deceive the PTO. *See id.* at 1326-27, 1327 n.3.

***First***, the vast majority of Moderna's contentions fail to "identify the specific who" for each purported instance of misconduct. *See Equil IP Holdings v. Akamai Techs., Inc.*, 722 F. Supp. 3d 450, 455 (D. Del. 2024). Instead, Moderna simply avers—at this late stage—that "the 'Applicants'" or "GSK" as an entity allegedly took certain actions, *see, e.g.*, D.I. 298 Ex. 2 ¶¶147-595, ¶147 n.15, but that is legally insufficient to support an inequitable conduct claim. *Exergen*, 575 F.3d at 1329-30 (failing to "name the specific individual associated with" the purported "material information" withheld or misrepresented is insufficient).

***Second***, Moderna also fails to plead materiality for each of its inequitable conduct theories. Even for the few theories that identify Mr. Kron or Dr. O'Hagan as the "who," Moderna does not allege that but-for the purported misrepresentations or omissions, the PTO "would not have allowed ***a claim***." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011) (*en banc*). *See, e.g.*, D.I. 298 Ex. 2 ¶¶390-91, 394, 401; *id.* at ¶400 (without reference to a single patent claim); *id.* at ¶¶484-512; *id.* ¶502 (without reference to a single patent claim). Nor could Moderna do so, as the underlying theories are deficient regardless of how they are pled.

***Third***, Moderna fails to plead intent with the requisite particularity for any of its inequitable conduct theories. Although Moderna alleges that certain information was omitted from or misrepresented to the PTO (by mostly unidentified individuals), Moderna nowhere alleges that those omissions or misrepresentations were made as "deliberate decision[s]" with "the specific intent to deceive the PTO." *Therasense*, 649 F.3d at 1290. And, Moderna's conclusory assertion that a specific intent to deceive the PTO is the "single most reasonable inference" does not make it so. D.I. 298 Ex. 2 ¶¶592-93; *see Exergen*, 575 F.3d at 1326-27.

## V. Moderna's Unaddressed Priority And Inventorship Amendments Should Be Denied.

Moderna's proposed amendments also include new but belated theories directed to inventorship and priority. But Moderna's opening letter (D.I. 298) fails to request or justify leave to add those theories, much less even mentions them. Indeed, Moderna addresses only some of its inequitable conduct amendments. Accordingly, the Court should reject the new inventorship and priority allegations in paragraphs 120-22, 596-609 in the 1135 action and paragraphs 132-35, 615-28 in the 1136 action. *See In re Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023) ("Arguments raised for the first time … in a reply brief are deemed forfeited.").

Accordingly, the Court should deny Moderna's motions to amend under Rule 16(b)(4).

/s/ Sara M. Metzler
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Counsel for Plaintiffs GlaxoSmithKline Biologicals SA and GlaxoSmithKline LLC*

OF COUNSEL:

John M. Desmarais
Kerri-Ann Limbeek
Kyle Petrie
Michael E. Furrow
Karl Mullen
Paul S. Macri
jdesmarais@desmaraisllp.com
klimbeek@desmaraisllp.com
kpetrie@desmaraisllp.com
mfurrow@desmaraisllp.com
kmullen@desmaraisllp.com
pmacri@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
(212) 351-3400

Justin P. D. Wilcox
Adam Steinmetz
Thomas J. Derbish
Rebecca A. Lindhorst
Eric Speckhard
Jamie Dohopolski
Christopher Coleman
jwilcox@desmaraisllp.com
asteinmetz@desmaraisllp.com
tderbish@desmaraisllp.com
rlindhorst@desmaraisllp.com
especkhard@desmaraisllp.com
jdohopolski@desmaraisllp.com
ccoleman@desmaraisllp.com
**DESMARAIS LLP**
1899 Pennsylvania Avenue, NW, Suite 400
Washington, D.C. 20006
(202) 451-4900

Dated: September 15, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY E-MAIL**
Brian E. Farnan
Michael J. Farnan
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801

**BY E-MAIL**
William A. Rakoczy
Deanne M. Mazzochi
Eric R. Hunt
Heinz J. Salmen
Neil B. McLaughlin, Ph.D.
Katie A. Boda
Conly S. Wythers
Greg L. Goldblatt, Ph.D.
Adrianne C. Rose
Sara M.L. Wilkening
Alejandro V. Hernandez
Kelly J. Baker
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654

*/s/ Sara M. Metzler*
Sara M. Metzler (#6509)
metzler@rlf.com